IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL ALLEN,

        Plaintiff,

v.                                                                        CIV 06-0038 WPL

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Cheryl Allen brought this action for judicial review of a decision by the Commissioner of Social Security, dismissing her request for a hearing on her claim for supplemental security income benefits. The matter is before me now on the Commissioner's motion to dismiss and memorandum in support, Allen's response, and the Commissioner's reply. For the reasons that follow, I conclude that this Court lacks subject matter jurisdiction. Therefore, I will grant the Commissioner's motion and dismiss this action without prejudice.

**PROCEDURAL BACKGROUND**

Allen's claim for benefits was denied at the initial and reconsideration levels, so she requested a hearing before an administrative law judge (ALJ). (Mot. Dismiss Ex. A1.) On October 26, 2004, the ALJ sent Allen a Notice of Hearing, advising that her hearing had been scheduled for November 10, 2004. (*Id.* Ex. A2 at 1.) The Notice stated, "If you do not appear at the hearing and I do not find that you have good cause for failing to appear, I may **dismiss** your request for hearing. I may do so without giving you further notice." (*Id.*) (Emphasis in original.) On October 27, 2004, Allen signed a form acknowledging receipt of the Notice, and checked a box on the form stating, "**I will be**

**present at the time and place shown** on the notice of hearing." (*Id.* Ex. A3.) (Emphasis in original.) It is not clear whether Allen appeared for the hearing.[1]

On December 1, 2004, the ALJ sent Allen a second Notice of Hearing, advising that her hearing had been scheduled for December 20, 2004, at 2:30 p.m. (*Id.* Ex. A5.) The Notice contained a warning regarding dismissal for failure to appear that was identical to the warning in the first Notice. (*Id.*) On December 4, 2004, Allen signed a second acknowledgement form, and checked the box stating that she would be present for the hearing. (*Id.* Ex. A6.) It is undisputed, however, that Allen did not appear for the hearing. On December 30, 2004, Allen wrote the ALJ a letter, explaining that she thought the hearing was scheduled for 3:30 instead of 2:30. She asked for another hearing date. (*Id.* Ex. A7.)

On January 12, 2005, the ALJ sent Allen a Notice to Show Cause for Failure to Appear, stating that Allen had not provided an explanation for her failure to appear at the December 20 hearing. (*Id.* Ex. A8.)[2] The Notice invited Allen to provide a written statement setting forth a good reason for her failure to inform the ALJ that she would not appear at the hearing. The Notice stated that if good cause was shown, the ALJ would reschedule the hearing, but if it was not shown, she would dismiss the request for hearing. (*Id.*)

---

[1] The envelope for the tape of the November 10 hearing states, "Needs to get rep. Mickey Kindley[.] Reschedule." (Mot. Dismiss Ex. A4.) As an exhibit to her response, Allen has included a copy of a letter to her attorney from Micki Kindley, a social security services advocate. The letter indicates that Kindley sent Allen's request for an administrative hearing to the agency, but that she was never notified of any hearings on Allen's claim. The letter states that Kindley withdrew from representing Allen after she lost contact with her. (Resp. Ex. 1.) It also states that Allen appeared very depressed and that she could not function. (*Id.*) These unsworn statements cannot create a factual issue precluding summary judgment. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).

[2] The Commissioner acknowledges that this statement was inaccurate in light of Allen's December 30 letter. (Mot. Dismiss at 4.)

In response to this Notice, Allen provided a timely written statement, again explaining that she arrived late because she believed the hearing was scheduled for 3:30. (*Id.* Ex. A9.) She asked the ALJ to give her "one more try," and stated that she was "in no hurry" because she needed to see a doctor first. She indicated that she had not been to the doctor yet because she was "deathly afraid to go." Allen further stated, "Doctors, welfare, & motor vichicle [sic] are my top 3 & I don't go to any." She also stated that she needed to find a lawyer. (*Id.*)

Implicitly concluding that Allen's written statement provided good cause, the ALJ sent her a third Notice of Hearing on July 5, 2005, advising that her hearing had been scheduled for July 27, 2005. (*Id.* Ex. A10.) The Notice contained a warning regarding dismissal for failure to appear that was identical to the warning in the first and second Notices. (*Id.*) On July 14, 2005, Allen signed a third acknowledgement form, and checked the box stating that she would be present for the hearing. (*Id.* Ex. A11.) However, Allen also wrote on the form, "I might forget. I don't remmber [sic] things anymore  I would like to see a seikitrest [sic] doctor can I be asign to one [sic]. Please can you help me." (*Id.*) It is undisputed that Allen did not appear for the hearing.

On July 29, 2005--two days after the hearing date--Gary J. Martone sent a letter to the ALJ, informing her that Allen had asked his law firm to represent her, that he expected her to sign an Appointment of Representative form the following week, and that his office would be representing Allen "at the hearing." (*Id.* Ex. A12.) On August 29, 2005, Martone again wrote to the ALJ, asking that his office be contacted when scheduling a hearing and enclosing an Appointment of Representative form that was signed by Allen on August 26, 2005. (*Id.* Ex. A13.)

On September 2, 2005, the ALJ dismissed Allen's request for a hearing. (*Id.* Ex. A14.) The Order of Dismissal noted that Allen had previously been given an opportunity to show good cause

3

for her failure to appear at the second scheduled hearing and that she had been "notified twice for hearing and has failed to appear." The Order concluded, "Accordingly, [Allen] has not established a good reason for failure to appear at the scheduled hearing." The Order also stated, "Although Attorney Gary Martone submitted a letter on July 29, 2005 of notification that he was representing the claimant, he has not submitted a representative form to date." (*Id.*)

Allen filed a Request for Review with the Appeals Council. Attached to the Request was a letter from Martone, stating:

> Ms. Allen suffers from agoraphobia, panic attacks, anxiety, and depression. Ms. Allen advised me that for one hearing her non-attorney representative failed to appear so the hearing was continued and that for the other hearing she had the wrong time in her head and showed up one hour late. The ALJ is required to determine whether these reasons and the medical condition are good cause for the failure to appear and, if good cause is not found, the ALJ must provide adequate analysis and reasoning.

(*Id.* Ex. A15.) The Appeals Council denied the Request for Review. (*Id.* Ex. A16.)

Through Attorney Martone, Allen filed a verified complaint for judicial review in this Court. The complaint repeats the allegations in Martone's letter to the Appeals Council. (Compl. ¶ 4.) Like the letter, the complaint does not provide any reason for Allen's failure to appear at the third scheduled hearing.

Without filing the administrative record or an answer, the Commissioner filed a motion to dismiss and memorandum in support, arguing that this Court does not have subject matter jurisdiction to review the Commissioner's decision to dismiss a request for a hearing. The Commissioner further argues that Allen has not asserted a colorable constitutional claim over which this Court would have jurisdiction.

In her response, Allen agrees that this Court generally lacks jurisdiction to review the

dismissal of a request for a hearing, but argues that this general rule does not apply here because she has raised a colorable constitutional claim. Specifically, she asserts that her right to due process was violated because the ALJ failed to determine whether her mental impairments constitute good cause for her failure to appear at the third scheduled hearing.

Attached to Allen's response is an affidavit by Martone, stating that he has represented Allen since July 29, 2005, and that each time he attempted to meet with her, "it has taken several attempts before [he] was able to impress upon her the importance of meeting" with him. (Resp. Ex. 2.) Also attached is an affidavit by a legal assistant to Martone, along with a copy of his office calendar. This affidavit states that the legal assistant scheduled two appointments for Allen and she did not show up for either of them. When Allen revealed that she had agoraphobia, the legal assistant explained that it was very important for her to come in to sign some forms, and Allen did appear for her third appointment. Although the legal assistant asked Allen to bring any paperwork she had received from the Social Security Administration, she brought nothing with her. (*Id.* Ex. 3.) The attached calendar indicates that Allen informed Martone's office that she had "postponed" three hearings. (*Id.*)

### STANDARD OF REVIEW

The Commissioner's motion seeks a dismissal for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Allen argues that the motion should be converted to one for summary judgment. *See* FED. R. CIV. P. 56. In her reply, the Commissioner does not address this argument, nor does she object to consideration of the affidavits attached to the response. I agree that the motion to dismiss should be treated as a motion for summary judgment because resolution of the jurisdictional issue is intertwined with the merits. *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Accordingly, I will view the evidence and

5

all reasonable inferences therefrom in the light most favorable to Allen. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

## DISCUSSION

An agency regulation allows an ALJ to dismiss a request for a hearing if the claimant does not appear for the hearing and either 1) the claimant was previously notified that the request may be dismissed without further notice for failure to appear and "good cause has not been found" by the ALJ for the failure to appear, or 2) the claimant fails to give a good reason for the failure to appear within ten days after the ALJ mails the claimant a notice asking why she did not appear. 20 C.F.R. § 416.1457(b)(1). The regulation further provides, "In determining good cause or good reason . . . ., we will consider any physical, mental, educational, or linguistic limitations . . . which [the claimant] may have." *Id.* § 416.1457(b)(2).

The sole statutory grant of district court jurisdiction to review a denial of social security benefits is 42 U.S.C. § 405(g). *Bartlett v. Schweiker*, 719 F.2d 1059, 1060 (10th Cir. 1983). This statute provides for review of any "final" decision of the Commissioner "made after a hearing." 42 U.S.C. § 405(g). Pursuant to the statute, a district court has the power to review "a particular type of decision . . . , that type being those which are 'final' and 'made after a hearing.'" *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

In *Califano v. Sanders*, the Supreme Court considered whether § 405(g) authorized judicial review of the Commissioner's denial of a petition to reopen a prior final decision. 430 U.S. 99, 107-08 (1977). Noting that the Commissioner may deny such a petition without a hearing, the Court held that the statute cannot be read to authorize judicial review of mere allegations of abuse of discretion in denying these petitions. *Id.* But the Court recognized that judicial review would not be foreclosed

6

if the denial of a petition to reopen were challenged on constitutional grounds. *Id.* at 109.

The reasoning of *Sanders* has been applied to suits seeking review of the Commissioner's decision to dismiss a request for a hearing. *See, e.g., Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992); *Brandyburg v. Sullivan*, 959 F.2d 555, 558-59 (5th Cir. 1992); *see also* FRANK S. BLOCH, BLOCH ON SOCIAL SECURITY § 6.1 ("Judicial review is precluded under *Sanders* also in cases where a hearing was dismissed because the claimant failed to appear."). In other words, these circuits hold that courts generally lack jurisdiction to review the dismissal of a request for a hearing, but that this general rule does not apply to colorable constitutional claims. *See Hoye*, 985 F.2d at 992; *Brandyburg*, 959 F.2d at 562. The existence of a colorable constitutional claim is a question of law. *Wills v. Sec'y, Health & Human Servs.*, 802 F.2d 870, 873 (6th Cir. 1986); *see also London v. Apfel*, No. 99-1146, 1999 WL 1244475, at *2 (10th Cir. Dec. 20, 1999) (unpublished) (citing *Wills*).

A claimant may be deprived of due process if a mental impairment inhibits her ability to understand and act on a notice. *See Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981). Therefore, courts agree that a mental impairment may give rise to a colorable constitutional claim. *See* BLOCH, *supra*, § 6.1 & n.62 (citing cases). But courts seem to take different approaches in determining whether a claimant has established a colorable constitutional claim arising from a mental impairment. *See generally* Alan G. Skutt, Annotation, *What Constitutes "Colorable Constitutional Claim" to Permit Judicial Review of Final Action Taken by Secretary of Health and Human Services Without Hearing*, 94 A.L.R. Fed. 773 (1989).

Courts have emphasized that a mere allegation of a denial of due process will not suffice to establish subject matter jurisdiction. If it did, every disappointed claimant could raise a due process claim, thereby undermining a statutory scheme that was designed to limit judicial review. *See Hoye*,

985 F.2d at 992. Accordingly, some courts, including the Tenth Circuit, have stated that a constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or if it is wholly insubstantial or frivolous. *See Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998); *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986); *Tucker v. Sullivan*, 779 F. Supp. 1290, 1295-96 (D. Kan. 1991); *see also Hoye*, 985 F.2d at 991-92.

Further refining this standard, the Ninth Circuit has held, "Where a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). Similarly, the Second Circuit has held that a mental impairment claim will invoke a court's jurisdiction "upon a particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension," whereas "a generalized allegation, long after the fact, that the claimant was too confused to understand available administrative remedies" is insufficient. *Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997). Thus, these courts focus on whether a specific and severe mental impairment has been alleged and whether the allegation was first raised after the fact in an effort to obtain jurisdiction.

Other courts seem to require actual evidence of a medically documented mental illness. In *Elchediak v. Heckler*, for example, the Eleventh Circuit held that a claimant had presented a colorable constitutional claim arising from a mental impairment. 750 F.2d 892, 894 (11th Cir. 1985). But the court stated that not "every claimant who alleges that a mental problem or disorder prevented him from understanding and pursuing his administrative remedies will have raised a constitutional issue." *Id.* The court emphasized that the claimant lacked the assistance of counsel at the administrative level

8

and he showed that he suffered from a medically documented mental illness. *Id.* at 894-95.

To support her argument that Allen has not raised a colorable constitutional claim, the Commissioner relies on *Blair v. Apfel*, 229 F.3d 1294 (10th Cir. 2000). In that case, the claimant apparently did not request a hearing after his *pro se* applications were denied at the initial level in 1987 and 1989. He filed again through counsel in 1992, but was again denied. An ALJ finally awarded him benefits on the basis of an application filed in 1995, but refused to reopen the earlier denials. The claimant asserted that his mental condition prevented him from understanding his right to appeal the earlier, initial denials of benefits. The district court held that the claimant failed to present a colorable constitutional claim. *Blair*, 229 F.3d at 1295 & n.2. The Tenth Circuit affirmed, noting that its review of the record showed that the ALJ complied with the regulation requiring an ALJ to consider whether a claimant's mental impairment may have prevented him from requesting review. The record did not show that the claimant lacked the mental capacity to understand the procedures for requesting review. Furthermore, the claimant failed to explain why he did not request reopening of the earlier claims when he was represented by counsel in 1992. *Id.* at 1296.

*Blair* is somewhat distinguishable from this case because the ALJ expressly considered whether the claimant's mental impairment may have prevented him from pursuing his administrative remedies. Here, the ALJ did not expressly consider Allen's mental impairments.

Another case, not cited by the Commissioner, is more factually similar to this one. *See Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109 (10th Cir. 1990). In *Nelson*, the claimant failed to seek administrative review of the denial of his first application for benefits. After his second application was denied, however, he requested an administrative hearing. Applying res judicata, the ALJ dismissed the request for a hearing. The ALJ's order noted that the claimant failed to offer

9

psychological evidence from a medical source to support his claim that he may have suffered from a psychological impairment. The ALJ also refused to order a consultative psychological examination. The district court dismissed for lack of jurisdiction. *Nelson*, 927 F.2d at 1110-11. The Tenth Circuit affirmed, stating:

> The district court correctly found that Mr. Nelson's unsupported allegation that he might have been suffering from a mental impairment when he submitted his first application for benefits is insufficient to create a colorable constitutional claim. The record has no evidence to support the claim other than the ALJ's denial of Mr. Nelson's request for a consultative psychological examination. With no other objective evidence presented to support the request, the ALJ was not required to authorize the consultation.

*Id.* at 1111.

Turning to the facts of this case, several factors point toward a conclusion that Allen has raised a colorable constitutional claim. She maintains that she has specific, diagnosable mental impairments that could plausibly be of sufficient severity to inhibit her ability to understand or act on the notice to appear for the hearing. There is nothing to indicate that she concocted her mental impairment claims *post hoc* merely to obtain jurisdiction. She complained about her lack of memory and her fear of doctors before her failure to appear at the hearing. She also requested a psychiatric consultation. Moreover, Allen was not represented by counsel at the administrative level.

But two important factors point against the conclusion that Allen has raised a colorable constitutional claim. First, the record before me does not contain any objective medical evidence regarding the mental impairments that Allen claims to have. The Tenth Circuit emphasized the lack of objective medical evidence in *Nelson*. *See id.*; *accord Devereaux v. Chater*, No. 95-1196, 1996 WL 98956, at *3 (10th Cir. March 7, 1996) (unpublished) (no colorable constitutional claim where there was "no contemporaneous medical evidence demonstrating mental incompetence"). Like the

10

claimant in *Nelson*, Allen requested a mental-health examination. But the Tenth Circuit indicated that such a request was insufficient to raise a colorable constitutional claim.

Second, Allen has never offered an explanation as to why she did not appear for the third scheduled hearing. The record, her attorney's letter to the Appeals Council, and her verified complaint all explain problems related to the first and second hearings. But the request for hearing was dismissed because of Allen's failure to appear for the third scheduled hearing. Although she asserts that she has several mental impairments, Allen does not state that these impairments prevented her from appearing for the hearing. *See London*, 1999 WL 1244475 at *3 ("It is not sufficient . . . to allege merely that [the claimant] suffered from a mental impairment . . .; she must show that the mental impairment eroded her ability to pursue her claims.").

Considering these factors in light of the binding authority of *Nelson*, I must conclude that Allen has failed to raise a colorable constitutional claim. Therefore, I lack jurisdiction to review the dismissal of her request for a hearing, and this case must be dismissed without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."); *see also Martinez v. Martinez*, 62 F. App'x 309, 314-15 (10th Cir. 2003) (unpublished) (citing *Hernandez* and explaining that a dismissal for lack of jurisdiction is not an adjudication of the merits).

## CONCLUSION

The Commissioner's motion to dismiss (construed as a motion for summary judgment) is granted, and this case is dismissed without prejudice.

IT IS SO ORDERED.

*（signature: William P. Lynch）*

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE